IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEHLER TEXNOLOGIES INC., § § Plaintiff, § § vs. § § MONOLITHIC CONSTRUCTORS, INC.; § MONOLITHIC HOLDINGS, INC.; § MONOLITHIC INC. § § Defendants. § | CIVIL ACTION NO. 3-09CV0655-M |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

Plaintiff Mehler Texnologies Inc. ("Mehler") moves this Honorable Court to strike certain affirmative defenses in Defendants Monolithic Constructors, Inc.'s, Monolithic Holdings, Inc.'s, and Monolithic Inc.'s (collectively "Monolithic") Original Answer pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6), and 12(f).

## I. INTRODUCTION

Monolithic asserts unclean hands, offset, estoppel, and fraud as affirmative defenses to Mehler's claims in its Original Complaint. Def.'s Original Answer and Countercl. ¶¶ 41-45. Monolithic has not pled these defenses with enough specificity or factual particularity to give Mehler fair notice of the defenses that are being advanced, making these defenses insufficient. Monolithic's affirmative defenses do not comply with the pleading requirements of Federal Rule of Civil Procedure 8 as articulated by the United States Supreme Court in *Twombly* and *Ashcroft*, and must therefore be stricken as a matter of law for failure to provide Mehler fair notice of the

factual grounds upon which they rest. Monolithic's fraud defense is also not sufficient under Rule 9(b). Under Rule 12(f), these defenses should be stricken from Monolithic's Original Answer and Counterclaim.

## II. ARGUMENT AND AUTHORITIES

A. **Legal Standard for Motion to Strike.**

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A Rule 12(f) motion to strike is the proper vehicle to challenge a legally insufficient affirmative defense. *S.E.C. v. Hayes, et. al.*, No. CA 3-90-1054-T, 1991 WL 236846, at *1 (N.D. Tex. July 25, 1991).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 556). A party must "state in short and plain terms its defenses to each claim asserted against it." FED. R. CIV. P. 8(b).

Affirmative defenses are subject to the same pleading specificity requirements as a complaint. *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, No. 3:08-CV-0340-G, 2008 WL 2600016, at *2 (N.D. Tex. July 1, 2008) (*quoting Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)).

B.     **The Court should strike Monolithic's "Unclean Hands" defense.**

Monolithic asserts unclean hands as a defense. The doctrine of unclean hands requires the defendant to show it was injured by the plaintiff's unlawful or inequitable conduct. *Stafford v. S. Vanity Magazine, Inc.*, 231 S.W.3d 530, 536 n.4 (Tex. App.—Dallas 2007, pet. denied). Monolithic has not alleged any facts that allege unlawful or inequitable conduct. Monolithic has failed to state any facts that provide Mehler with fair notice of any unlawful or inequitable conduct it allegedly committed in connection with this transaction. *See Software Publishers Ass'n v. Scott & Scott, LLP*, No. 3:06-CV-0949-G, 2007 WL 2325585, at *2 (N.D. Tex. August 15, 2007) (defendants' bald assertions that the plaintiff's claims were barred by unclean hands did not provide fair notice to the plaintiff and were stricken from the answer). The Court should strike Monolithic's defense of unclean hands on these grounds. The court should strike the defense because it does not have facial plausibility based on the factual content in Monolithic's allegations. *Ashcroft*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556.

C.     **The Court should strike Monolithic's "Offset" defense.**

Monolithic asserts offset as a defense. The right to offset is an affirmative defense and the burden of proof to support offset is on the party making the assertion. *Cass v. Stephens*, 156 S.W.3d 38, 70 (Tex. App.—El Paso 2004, pet. denied, mand. motion denied). A defensive claim for offset is barred when it fails to negate the plaintiff's right to recover. *Bright & Co. v. Holbein Family Mineral Trust*, 995 S.W.2d 742, 746-47 (Tex. App.—San Antonio 1999, pet. denied); *Smallwood v. Singer*, 823 S.W.2d 319, 325 (Tex. App.—Texarkana 1991, no writ). Offset only applies as a defense within the same transaction. *Id*. In both *Bright* and *Smallwood*, the defendants attempted to offset the plaintiffs' claims by using separate transactions from those in

the plaintiffs' original suit as the basis for the offset. *Id.* Both courts held that these claims for offset did not negate the plaintiffs' claims and were therefore barred. *Id.*

First, from a pleading point of view, Monolithic's offset defense should be dismissed because there is not a shred of an allegation that there is any problem or issue with the materials that are the subject of Mehler's Complaint. Offset only applies to offset amounts owed in the same transactions. *Bright & Co.*, 995 S.W.2d at 746-47; *Smallwood*, 823 S.W.2d at 325. Absent factually plausible allegations in Monolithic's Answer that there are rights to offset concerning the specific invoices that are the subject of Mehler's Complaint, the Court should strike the offset defense. *Ashcroft*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556.

Second, Monolithic alleges facts in its counterclaim that indicate it may be trying to offset any liabilities for damages it may incur arising out of the sale of a church in Dothan, AL and because it claims it may have inventory it does not feel it can use.[1] Def.'s Original Answer and Countercl. ¶ 57. However, these allegations are part of Monolithic's counterclaim, not its Answer. As such, the allegations do not support the offset defense.

Third, even if the Court were inclined to consider factual allegations within the Counterclaim to support the offset affirmative defense, accepting Monolithic's allegations as true, the transaction for the Dothan materials (which occurred in or before 2007) is a separate transaction from the transactions for which Monolithic has not paid, which occurred in 2008 (the subject of the Complaint). Thus, offset may not serve as a defense in regards to the Dothan transaction. *Bright & Co.*, 995 S.W.2d at 746-47; *Smallwood*, 823 S.W.2d at 325. Any attempt

---

[1] Monolithic's allegation in its counterclaim that it may have inventory it does not feel it can use also is not sufficient to support its offset defense because there is no allegation that the inventory Monolithic claims it cannot use is the same inventory that is the subject of the invoices sought in the Complaint. *Bright & Co.*, 995 S.W.2d at 746-47; *Smallwood*, 823 S.W.2d at 325.

**BRIEF IN SUPPORT OF MOTION TO STRIKE**                                                      Page 4

by Monolithic to offset Monolithic's claims with a transaction that is not a part of Monolithic's suit is therefore barred by Texas law.

For these reasons the Court should strike Monolithic's defense of offset.

**D.    The Court should strike Monolithic's "Estoppel" defense.**

Monolithic asserts estoppel as a defense.  Monolithic has failed to plead facts that support this defense.  There are no allegations of fact that Mehler induced Monolithic to change positions for the worse.  There are no allegations of fact that Mehler made and/or concealed a false representation on which Monolithic relied to its detriment.  Monolithic's bald assertion of the affirmative defense of estoppel is not a pleading with sufficient factual specificity to give Mehler fair notice of the defense being advanced.  The defense should be struck because it does not have facial plausibility based on the factual content in Monolithic's allegations.  *Ashcroft*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556.

**E.    The Court should strike Monolithic's "Fraud" defense.**

Monolithic asserts fraud as a defense.  Federal Rule of Civil Procedure 9(b) imposes a heightened level of pleading for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  An affirmative defense of fraud is also analyzed under the particularity requirement of Rule 9(b).  *Siemens Med. Solutions USA, Inc. v. Sunrise Med. Tech., Inc.*, No. Civ.3:04-CV-2711-H, 2005 WL 615747, at *5 (N.D. Tex. March 16, 2005); *Allied Med. Assocs. v. State Farm Mut. Auto. Ins. Co.*, No. 08-2434, 2009 WL 1066932, at *7 (E.D. Penn. April 16, 2009).

A party pleading fraud must set forth the who, what, when, and where before access to the discovery process is granted.  *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000); *Flexible Innovations, Ltd. v. HR U.S. LLC*, No. 4:07-CV-102-A, 2007 WL 3341760, at *3 (N.D.

Tex. Nov. 8, 2007). Anything less fails to provide the opposing party with adequate notice of the nature and grounds of the claim. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000).

In this case, Monolithic failed to plead any factual allegations that support its affirmative defense of fraud. Nowhere in its answer does Monolithic "set forth the who, what, when, and where" details to support its claim of fraud. *Hart*, 199 F.3d at 248. Therefore, under Federal Rule of Civil Procedure 9(b), Monolithic has failed to state with particularity the circumstances constituting fraud. The defense should be struck.

Monolithic's fraud defense falls short of Rule 8's specificity requirement, even without having to meet the heightened requirement of Rule 9. Monolithic has failed to plead facts that allow the court to draw a reasonable inference that Mehler is liable for fraud or that fraud is a defense. This failure to properly plead runs afoul of the pleading standard set out by the Supreme Court in *Twombly*, and suffices on its own to give this Court grounds to strike Monolithic's fraud defense.

By way of example, there are no allegations of any material and false representations by Mehler to Monolithic. There is no allegation that Monolithic relied on such false representation. There is no allegation that Monolithic's reliance was reasonable in light of the circumstances. There are no allegations to support any of the elements of fraud. There are no facts to support fraud as a defense. The defense should be struck because it does not have facial plausibility based on the factual content in Monolithic's allegations. *Ashcroft*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556.

For all this reasons, this Court should strike Monolithic's defense of fraud.

### III. PRAYER

For the foregoing reasons, Plaintiff Mehler Texnologies Inc. respectfully requests that this Court grant its Motion to Strike Defendant's affirmative defenses in Defendants' Original Answer and Counterclaim. Mehler further requests all other and further relief to which it may be entitled at law or in equity.

Dated: June 1, 2009

Respectfully Submitted,

 /s/ Matthew M. Hurt
Thomas G. Yoxall
  State Bar No. 00785304
Matthew M. Hurt
  Texas Bar No. 24032450
Joseph T. Krause
  State Bar No. 24065573
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 (telephone)
(214) 740-8800 (facsimile)

**ATTORNEYS FOR MEHLER TEXNOLOGIES INC.**

**CERTIFICATE OF CONFERENCE**

I certify that on June 1, 2009, I conferred by telephone with counsel for Monolithic Constructors, Inc., Mark W. Romney, to discuss the Motion to Strike. Monolithic is opposed and no resolution was reached.

/s/ Matthew M. Hurt

**CERTIFICATE OF SERVICE**

I certify that on June 1, 2009, a copy of the foregoing pleading was served on all counsel of record via the Court's CM/ECF system.

/s/ Matthew M. Hurt