IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MEHLER TEXNOLOGIES INC.,** § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | 3-09CV0655-M |
| **MONOLITHIC CONSTRUCTORS, INC.;** § | |
| **MONOLITHIC HOLDINGS, INC.;** § | |
| **MONOLITHIC INC.** § | |
| § | |
| Defendants. § | |

### MEHLER'S REPLY TO MONOLITHIC'S RESPONSE TO MEHLER'S MOTION TO STRIKE MONOLITHIC'S AFFIRMATIVE DEFENSES

Plaintiff, Mehler Texnologies Inc. ("Mehler"), serves this Reply[1] to Defendant Monolithic Constructors, Inc.'s ("Monolithic") Response to Mehler's Motion to Strike Affirmative Defenses ("Motion"). Monolithic has asserted four affirmative defenses and the Court should strike all four of them.

### A.     Monolithic's statement of the standard of pleading ignores *Twombly*.

The federal pleading standards apply to affirmative defenses as well as affirmative claims. *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, No. 3:08-CV-0340-G, 2008 WL 2600016, at *2 (N.D. Tex. July 1, 2008) (*quoting Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)).  The standards are set out in Rules 8 and 9(b) of the Federal Rules of Civil Procedure, and the Supreme Court has explained[2] the standards in *Twombly* and *Ashcroft*. "A

---

[1] Mehler incorporates by reference its arguments in its Motion. Mehler is not re-asserting all of the arguments made in its Motion, but Mehler does not waive the arguments in the Motion by not specifically re-asserting them here.
[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 556).

**PLAINTIFF'S REPLY TO RESPONSE TO ITS MOTION TO STRIKE AFFIRMATIVE DEFENSES.**     **PAGE 1**

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The defense must be plausible, not merely conceivable. *Twombly*, 550 U.S. at 570. Monolithic has the obligation to provide the grounds of its entitlement to its alleged defenses using more than mere labels and conclusions or formulaic recitations of the elements of a defense. *Twombly*, 550 U.S. at 555.

Monolithic's Response ignores the federal pleading standards.  Monolithic believes labels as affirmative defenses is enough.  <u>Response</u> at 3 (citing *Woodfield*, 193 F.3d at 362).  Labels are not enough under *Twombly* and *Ashcroft*.[3]

**B.     Monolithic's substantive allegations are inadequate.**

    **1.     Unclean Hands**

The doctrine of unclean hands requires the defendant to show injury caused by *unlawful* or *inequitable* conduct. *Stafford v. S. Vanity Magazine, Inc.*, 231 S.W.3d 530, 536 n.4 (Tex. App.—Dallas 2007, pet. denied).  Monolithic's Response directs the Court to various paragraphs in its Answer and Counterclaim.  None of the denials or allegations cited in Response are allegations of *unlawful* or *inequitable* conduct.  Moreover, the conduct Monolithic references as somehow supporting the defense is conduct related to a wholly different transaction than the transaction Monolithic is trying to defend.

---

[3] Monolithic's citation to *Woodfield* is not helpful for Monolithic. The sentence of the *Woodfield* opinion after the sentence Monolithic cites illustrates that the "in some cases" category is a very narrow category of cases: ". . . baldly 'naming' the broad affirmative defenses of 'accord and satisfaction' and 'waiver and/or release' falls well short of the minimum particulars needed to identify the affirmative defense in question . . . ." *Id*. The case *Woodfield* cites for Monolithic's proposition holds only that pleading contributory negligence without extensive factual allegations is sufficient in a negligence action arising from a car collision. *See American Motorist Ins. Co. v. Napoli*, 166 F.2d 24, 26 (5th Cir. 1948).

### 2. Offset

Concerning offset, Monolithic directs the Court to the same allegations it highlighted in response to the "unclean hands" defense. These allegations do not state the offset defense.

Monolithic has failed to respond to the legal point that offset only applies as a defense within the same transaction. *Bright & Co. v. Holbein Family Mineral Trust*, 995 S.W.2d 742, 746-47 (Tex. App.—San Antonio 1999, pet. denied); *Smallwood v. Singer*, 823 S.W.2d 319, 325 (Tex. App.—Texarkana 1991, no writ). Monolithic wants to get an offset from a separate transaction, which is not permitted under Texas law.

### 3. Estoppel

Monolithic Responds on estoppel by directing the Court to the same set of paragraphs in its Answer and Counterclaims that it refers to in responding on offset and unclean hands. These allegations fail to plead facts that support estoppel as a defense. The estoppel defense does not make logical sense as a defense.

### 4. Fraud

The fraud defense must be dismissed because it lacks specificity required by Rule 9(b)—something Monolithic failed to address in its Response—and because Monolithic did not allege facts that support the elements of fraud.

The Court is familiar with the heightened level of pleading for fraud claims. FED. R. CIV. P. 9(b). Rule 9(b) applies to fraud as an affirmative defense.[4] Monolithic's Response fails to respond to the argument on Rule 9(b) specificity. Monolithic's allegations do not satisfy Rule 9(b).

Even without the Rule 9(b) requirements, Monolithic's fraud defense would not satisfy Rule 8. Monolithic has failed to plead facts that allow the court to draw a reasonable inference

---

[4] *See* cases cited in Brief in Support of Motion to Strike, at p. 5.

that fraud is a *defense* to *Mehler's* suit. In regards to the invoices that are the subject of Mehler's claims, there are no defensive allegations that Mehler affirmatively made a false and material statement of existing fact, knowing that the statement was false when made, and that the statement of false existing material fact was made with the intent for Monolithic to rely upon it. Monolithic merely claims in Response that it alleged that Mehler concealed facts, that Monolithic relied, and that Monolithic acted reasonably. Response at p. 4. These allegations are not sufficient.

Also, Monolithic's fraud defense is not logical. Monolithic claims fraud as a defense to a contract on which it is liable, but the purchases occurred *at least five months after* Monolithic installed the Mehler material in Dothan, Alabama—the project Monolithic claims evidences the fraud. *Compare* Answer at ¶ 12 (sales in 2008) to Counterclaim at ¶¶ 54-55 (Mehler material used for Alabama project in 2007). Even assuming all of the allegations were true, this would not state a fraud claim or defense. Moreover, given the heightened pleadings requirements under Rule 9(b) and *Twombly*, the Court should strike Monolithic's fraud defense.

WHEREFORE, PREMISES CONSIDERED, Mehler Texnologies Inc. prays that the Court strike Monolithic's affirmative defenses of unclean hands, offset, estoppel, and fraud.

Dated: July 17, 2009

Respectfully Submitted,

 /s/ Matthew M. Hurt
Thomas G. Yoxall
  State Bar No. 00785304
Matthew M. Hurt
  Texas Bar No. 24032450
Joseph T. Krause
  State Bar No. 24065573
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 (telephone)
(214) 740-8800 (facsimile)

**ATTORNEYS FOR MEHLER TEXNOLOGIES INC.**

## CERTIFICATE OF SERVICE

I certify that on July 17, 2009, a copy of the foregoing pleading was served on all counsel of record via the Court's CM/ECF system.

 /s/ Matthew M. Hurt