# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| NORTHVIEW CHRISTIAN CHURCH, INC., | § § § | |
| Intervenor, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-655-M |
| MONOLITHIC CONSTRUCTORS, INC. d/b/a MONOLITHIC DOME INSTITUTE, MONOLITHIC HOLDINGS, INC., MONOLITHIC, INC., and MEHLER TEXNOLOGIES, INC., | § § § § § § § | |
| Counter-Defendants, | § § | |
| and DAVID B. SOUTH, SOUTH INDUSTRIES, INC. d/b/a SOUTH INDUSTRIES USA, INC., SOUTH INDUSTRIES INTERNATIONAL, INC., RANDY SOUTH, ANDREW SOUTH, JOSHUA SOUTH, DEREK SOUTH, LPDJ ARCHITECTS, LLC, LELAND A. GRAY, JESSE M. HARRIS, J&J GROUP, INC., JASON SOUTH, MECHANICAL SYSTEM SOLUTIONS GROUP PLLC d/b/a ENGINEERING SYSTEM SOLUTIONS, ENGINEERING STRUCTURAL DETAILING, LLC d/b/a ENGINEERING SYSTEM SOLUTIONS, MS2EE, PLLC d/b/a ENGINEERING SYSTEM SOLUTIONS, and E&D COMPANY, PLLC d/b/a ENGINEERING SYSTEM SOLUTIONS, | § § § § § § § § § § § § § § § § § § § § § | |
| Third-Party Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss for Improper Venue and for Attorneys' Fees filed by Third-Party Defendants LPDJ Architects LLC, Leland A. Gray, and Jesse M. Harris (collectively, "the Architects") under Federal Rule of Civil Procedure 12(b)(3) [Docket Entry

#56]. For the reasons explained below, the Architects' Motion to Dismiss is **DENIED**, but Intervenor's claims against the Architects are **SEVERED** and **TRANSFERRED** to the United States District Court for Utah. The Architects' Motion for Attorneys' Fees, however, is **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

Intervenor Northview Christian Church, Inc. ("Northview") is an Alabama church that engaged a consortium of parties to design and construct two dome-shaped church buildings in Dothan, Alabama. Northview alleges that the completed domes have significant problems arising out of their construction, and brings this suit against numerous parties for breach of contract and warranties, negligence and fraud. Among the third-party defendants sued by Northview are the Architects, who now move to dismiss for improper venue.

## ANALYSIS

I. The Architects' Motion to Dismiss

The Architects' Motion to Dismiss is premised solely upon a forum selection clause in their contract with Northview (the "Agreement"). The relevant provision, entitled "Dispute Resolution," states, in full:

> In the event that it becomes necessary for either party to incur legal fees to enforce the terms of this Agreement, the prevailing party will be entitled to reasonable attorney fees. This Agreement is governed by the laws of the State of Utah. All services for this Agreement are made, accepted and performed in the State of Utah. Any disputes arising out of or relating to these services will be brought in the State or Federal courts located in Salt Lake County, Utah.[1]

Northview does not contest that each of the causes of action it alleges against the Architects arises out of, or is related to, the services memorialized in the Agreement. Rather, Northview argues that a motion to dismiss for improper venue is procedurally improper in the

---

[1] Architects' Brief in Support of Motion to Dismiss at 3, Ex. A, at Article 6(E).

Fifth Circuit, because the forum selection clause at issue permits litigation in another federal court, and that the proper analysis is a balancing test under 28 U.S.C. § 1404(a).

Although several cases binding on this Court have discussed the appropriate legal standards to apply when analyzing motions to dismiss or to transfer based on a forum selection clause,[2] neither the Supreme Court nor the Fifth Circuit has explicitly addressed the question of what standard a district court should apply in deciding a motion to dismiss where, as here, another federal forum is available for transfer.[3]

This Court has previously concluded that an action should properly be dismissed for improper venue on the basis of a forum selection clause that designated a different federal court as the exclusive jurisdiction for suit. In *Vartec Telecom, Inc. v. BCE Inc*,[4] this Court interpreted the Fifth Circuit's decision in *International Software* to stand for the proposition that *Bremen*, not *Stewart*,[5] provides the proper analysis to apply when deciding motions to dismiss based on a forum selection clause.[6] In doing so, the Court explicitly addressed, and rejected, the distinction that Northview attempts to draw between cases where the forum selection clause mandates a state forum, and cases where, as here, the forum selection clause designates a federal forum to

---

[2] *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-15 (1972) (vacating the district court's denial of a motion to dismiss, and enforcing a forum selection clause designating London, England, where enforcement would not be unreasonable and unjust, and where the clause was not shown to be invalid for such reasons as fraud or overreaching); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28-29 (1988) (holding that 28 U.S.C. § 1404(a) governs motions to transfer to a different federal court designated in the forum selection clause); *Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997) (following *Bremen*); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114-15 (5th Cir. 1996) (affirming dismissal for improper venue when state court forum had been specified, and applying *Bremen*).

[3] *See, e.g., Rossco Holdings Inc. v. Best Western Int'l, Inc.*, Civ. No. H-06-155, 2006 U.S. Dist. LEXIS 31646, at *5-6 (S.D. Tex. Apr. 18, 2006); *LaFargue v. Union Pacific R.R.*, 154 F. Supp. 2d 1001, 1003 (S.D. Tex. 2001) (citations omitted).

[4] No. 3:02-CV-2585-M, 2003 U.S. Dist. LEXIS 18072 (N.D. Tex. Oct. 9, 2003) (Lynn, J.).

[5] *See* fn.2, *supra* (discussing cases).

[6] *See Vartec*, 2003 U.S. Dist. LEXIS at *17 ("The Fifth Circuit states: 'Although we would prefer to apply the same *Stewart* balancing in diversity cases to motions to dismiss and motions to transfer, the other federal courts have decided otherwise and continue to apply *Bremen* to motions to dismiss based on a forum selection clause. . . . We choose to join the other courts rather than to make a circuit split and further complicate this area of the law.'" (quoting *Int'l Software*, 77 F.3d at 115)).

3

which the case would be eligible for transfer under 28 U.S.C. § 1404(a).[7] In the absence of any interim case law from a binding court addressing this question, the subsequent cases upon which Northview relies are no more persuasive now than the similar line of cases that this Court considered when it decided *Vartec*.

The Court will therefore presumptively enforce the forum selection clause unless Northview "clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."[8] The Fifth Circuit further expounded Northview's "heavy burden" in *Haynsworth v. The Corporation*, stating that a party may overcome the presumptive validity and enforceability of a forum selection clause by a clear showing that:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state.[9]

Northview only addresses the first two issues, and cannot meet this burden. First, the incorporation of the forum selection clause into the Agreement was not the "product of fraud or overreaching." Northview argues that the clause is unenforceable and that the Architects should be estopped from seeking to remove themselves from this action, because the entire agreement to build the dome was procured by fraudulent misrepresentations as to the quality of the work product and as to the inter-relatedness of the multiple parties involved in the domes' design and

---

[7] *See id.* at *17-18 ("The district courts cited by Plaintiffs limit the Fifth Circuit's holding to cases where the forum selection clause mandates a state forum and thus § 1404(a) is inapplicable. This attempted distinction is unconvincing, however, in light of the more general analysis that the Fifth Circuit uses in *International Software*." (citation omitted)).
[8] *Int'l Software*, 77 F.3d at 114 (quoting *Bremen*, 407 U.S. at 15).
[9] 121 F.3d at 963 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *Bremen*, 407 U.S. at 12-13, 15, 17, 18); *see also Abramson v. Am. Online, Inc.*, 393 F. Supp. 2d 438, 441-42 (N.D. Tex. 2005) (Lynn, J.) (quoting *Haynsworth*, 121 F.3d at 963).

construction.[10] In other words, Northview alleges that the Architects represented themselves to be joint venturers with the other dome builders, and profited from the other dome builders' like representations.[11]

However, the test under *Bremen* is whether the inclusion of the forum selection clause, not the contract itself, was the product of fraud or coercion.[12] The Agreement was executed on January 31, 2006, and clearly established the Architects as an independent party. Northview does not deny that it had the opportunity, at that time, to seek legal counsel to review and modify the Agreement, including the forum selection clause. Northview had a second opportunity when the Agreement was amended on April 10, 2008. If Northview had desired to establish a single forum to include all potential parties to litigation over the domes, it could and should have negotiated that.

Northview next argues that it will be gravely inconvenienced if it is forced to litigate its claims piecemeal, rather than sue all the defendants together in the same court.[13] While the Court is not unsympathetic to that prospect, the fact that all defendants are not bound together in one forum is a consequence of Northview's own contractual negotiations.

Finally, Northview argues that venue most appropriately lies in the Northern District of Texas, because the "nerve center" for the dome builders' alleged joint venture in building the Dothan domes is located here. This argument is inapposite where, as here, an explicit and mandatory forum selection clause designates the state or federal courts of Salt Lake City, Utah, as the sole forum for litigation.[14]

---

[10] *See* Northview's Brief in Response at 10-11, 13, 14-15.
[11] *See id.* at 10-11.
[12] *See Abramson*, 393 F. Supp. at 442 (citing *Haynsworth*, 121 F.3d at 963).
[13] *See* Northview's Brief in Response at 11-12, 14.
[14] *See Bremen*, 407 U.S. at 15.

II.   Northview's Request for Transfer

Because Northview has failed to demonstrate that the forum selection clause should not be enforced, its claims against the Architects, brought in this Court, are subject to dismissal. However, in its response to the Motion, Northview moves the Court to exercise its power under 28 U.S.C. § 1404(a) to transfer its claims against the Architects to the United States District Court for Utah, in accordance with the forum selection clause.[15] The Court determines that a transfer of these claims under § 1406(a), rather than § 1404(a), is appropriate in the interest of justice.[16] The Court therefore SEVERS Northview's claims against the Architects in this action, and TRANSFERS them to the United States District Court for Utah.

III.   Motion for Attorneys' Fees

Finally, the Architects move for attorneys' fees as the "prevailing party," citing to the portion of the Agreement that states:  "In the event that it becomes necessary for either party to incur legal fees to enforce the terms of this Agreement, the prevailing party will be entitled to reasonable attorney fees."[17]

Where the substantive issues in a case are governed by state law, a federal court applies that same law in determining whether and in what amount to award attorneys' fees.[18] The choice of law provision in the Agreement clearly states that the Agreement is governed by the laws of

---

[15] *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought.").

[16] *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

[17] *See* Architects' Brief in Support of Motion to Dismiss at 3, Ex. A at Article 6(E).

[18] *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002); *CK DFW Partners Ltd. v. City Kitchens, Inc.*, 541 F. Supp. 2d 839, 839 (N.D. Tex. 2008) (Fitzwater, C.J.) (applying California law to determine whether a party who successfully obtained dismissal for improper venue on the basis of a forum selection clause was a "prevailing party" for purposes of awarding attorneys' fees).

Utah.[19] The Court therefore applies Utah law in determining whether the Architects are "prevailing parties" for purposes of awarding attorneys' fees.

Under Utah law, attorneys' fees authorized by contract are awardable only in accordance with, and to the extent permitted by, the explicit terms of the contract.[20] In *Commercial Concepts, Inc. v. Alon Enterprises, Ltd.*, the Utah District Court dismissed the complaint on the grounds of improper venue due to a forum selection clause in the parties' agreement.[21] The contract between the parties further provided that fees were awardable to the prevailing party in any action "concerning the transactions contemplated by" the contract.[22] The court held that it would be premature to determine "prevailing party" status under the clause regarding attorneys' fees, because the court did not address the merits of the complaint concerning the transactions contemplated in the contract. In so holding, the court distinguished *Jim Cooley Construction, Inc. v. North American Construction Corp.*, a Tenth Circuit opinion out of the Western District of Oklahoma, which awarded attorneys' fees to a prevailing party whose contract specified that the prevailing party would be entitled to attorneys' fees "[i]n the event it is necessary for any party to the [agreement] to employ an attorney for the enforcement of *any terms* of this [agreement] . . . ."[23]

The Court finds that the phrase at issue—"to enforce the terms of this Agreement"—is more like *Cooley* than *Alon Enterprises*, and is naturally read to include enforcing any one term of the Agreement, including enforcement of the forum selection clause.

---

[19] *See* Architects' Brief in Support of Motion to Dismiss at 3, Ex. A, at Article 6(E).
[20] *See Maynard v. Wharton*, 912 P.2d 446, 451 (Utah App. 1996) (citing *Turtle Mgmt., Inc. v. Haggis Mgmt., Inc.*, 645 P.2d 667, 671 (Utah 1982); *Mountain States Broad. Co. v. Neale*, 783 P.2d 551, 555-56 (Utah App. 1989)).
[21] No. 2:06-CV-782, 2006 U.S. Dist. LEXIS 94423 (D. Utah Dec. 29, 2006).
[22] *Id.* at *6.
[23] *Id.* at *4-5 (quoting *Jim Cooley*, No. 94-6082, 1995 U.S. App. LEXIS 24, at *3 (10th Cir. Jan. 4, 1995)). Although *Cooley* was on appeal from the Western District of Oklahoma, rather than from Utah, the Tenth Circuit relied solely upon the plain words of the contract, rather than on state law, to determine that an award of attorneys' fees was appropriate.

Although the Court denied the Architects' Motion to Dismiss, it did so solely on the basis of the Court's decision to transfer, rather than dismiss, Northview's claims. The Architects have prevailed on the merits of their motion to enforce the forum selection clause, as contained in the Agreement, and have incurred legal expenses to do so. They are thus entitled to recover their fees under the Agreement. The motion for attorneys' fees is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Architects' Motion to Dismiss is **DENIED**. Intervenor's claims against the Architects are **SEVERED**. The Court **ORDERS** the Clerk of the Court to assign the severed action a separate cause number and to **TRANSFER** the new case to the United States District Court for Utah. The Architects' Motion for Attorney Fees is **GRANTED**. On or before July 12, 2010, the Architects shall file proof of their attorney fees. Intervenor may file a response on or before July 19, 2010.

**SO ORDERED.**

June 28, 2010.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

8