**IN THE UNITED STATES DISTRICT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| NORTHVIEW CHRISTIAN CHURCH, INC., | § § § | |
| Intervenor, | § § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-655-M |
| | § | |
| MONOLITHIC CONSTRUCTORS, INC. d/b/a MONOLITHIC DOME INSTITUTE, MONOLITHIC HOLDINGS, INC., MONOLITHIC, INC., and MEHLER TEXNOLOGIES, INC., | § § § § § § | |
| Counter-Defendants, | § § | |
| and DAVID B. SOUTH, SOUTH INDUSTRIES, INC. d/b/a SOUTH INDUSTRIES USA, INC., SOUTH INDUSTRIES INTERNATIONAL, INC., RANDY SOUTH, ANDREW SOUTH, JOSHUA SOUTH, DEREK SOUTH, J & J GROUP, INC., JASON SOUTH, MECHANICAL SYSTEM SOLUTIONS GROUP, PLLC d/b/a ENGINEERING SYSTEM SOLUTIONS, ENGINEERING STRUCTURAL DETAILING, LLC d/b/a ENGINEERING SYSTEM SOLUTIONS, MS2EE, PLLC d/b/a ENGINEERING SYSTEM SOLUTIONS, and E&D COMPANY, PLLC d/b/a ENGINEERING SYSTEM SOLUTIONS, | § § § § § § § § § § § § § § § § § § § | |
| Third-Party Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the: (1) Motion to Dismiss for Lack of Personal Jurisdiction [Docket

Entry #82]; (2) Motion to Dismiss for Failure to File a Certificate of Merit [Docket Entry #86];

(3) Motion to Dismiss Claims of Engineering Malpractice [Docket Entry #88]; and (4) Motion

for More Definite Statement [Docket Entry #90] filed by third-party Defendants J & J Group,

Inc., Jason South, Mechanical System Solutions Group, PLLC, MS2EE, PLLC, E&D Company,

PLLC, and Engineering Structural Detailing, LLC (collectively, "the Engineers").  For the

reasons explained below, the Engineers' Motion to Dismiss for Lack of Personal Jurisdiction is

**DENIED**, but Intervenor's claims against the Engineers are **SEVERED** and **TRANSFERRED**

to the United States District Court for Idaho.  The Engineers' three remaining Motions are

**DENIED** as moot.

BACKGROUND AND PROCEDURAL HISTORY

Intervenor Northview Christian Church, Inc. ("Northview") is an Alabama church that

engaged a consortium of parties to design and construct two dome-shaped church buildings in

Dothan, Alabama.  The domes were based on a design that was patented by third-party

Defendant Monolithic Constructors, Inc., a Texas company.  LPDJ Architects, LLC ("LPDJ"), a

Utah architectural company originally named as a third-party defendant in this suit, contracted

with two of the Engineers—Mechanical System Solutions Group, PLLC and E&D Company,

PLLC (the "Contracting Engineers")—to perform subcontract work on the Northview project.[1]

Northview alleges that the completed domes have significant problems arising out of

their construction, and brings this suit against numerous parties for negligence, fraud, unjust

enrichment, and breach of contract and warranties.   Among the third-party defendants sued by

Northview are the Engineers, who now move to dismiss all or a portion of Northview's claims,

or in the alternative, for a more definite statement of those claims.  Because the Court determines

that it lacks personal jurisdiction over the Engineers, it does not reach the Engineers' alternative

motions.

---

[1] On June 28, 2010, this Court severed and transferred Northview's claims against LPDJ and several other Utah
entities to the United States District Court for Utah.

## LEGAL STANDARD

A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.[2]  Because the Texas long-arm statute extends as far as constitutional due process allows, this merges into a single inquiry.[3]

In order for the exercise of personal jurisdiction to satisfy due process requirements, a plaintiff must show that: (1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of personal jurisdiction over the defendant would not offend traditional notions of "fair play and substantial justice."[4]

The minimum contacts standard can be met in two ways.  A court may assert specific jurisdiction over a nonresident defendant if the defendant "purposefully directed" its activities toward the forum state and the litigation results from alleged injuries that "arise out of or relate to" those activities.[5]  Alternatively, a court may assert general jurisdiction where a defendant has "continuous and systematic general business contacts" with the forum state.[6]  To be subject to either specific or general jurisdiction, a defendant's contacts with the forum state must be such that the defendant should "reasonably anticipate being haled into court there." [7]

---

[2] *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999) (citations omitted).
[3] *Id.*
[4] *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Latshaw*, 167 F.3d at 211).
[5] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citations omitted).
[6] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).
[7] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted).

ANALYSIS

Northview's arguments, which go to specific jurisdiction, are insufficient to support the exercise of personal jurisdiction over any of the Engineers.[8]

Northview argues that the Engineers were "by necessity required to work . . . in this District for their very instructions" because the developers and promoters of the dome concept are Texas citizens.[9]  This conclusory and general argument is insufficient to outweigh the Engineers' uncontroverted affidavit evidence that no Engineer entered into a contract with any resident of Texas;[10] no Engineer performed work in Texas that was related to the Northview project;[11] no Engineer ever traveled to Texas in connection with any work performed relating to the Northview project;[12] and no Engineer worked directly on the Northview project with any of the Texas-based defendants, contractually or otherwise.[13]

Northview nevertheless contends that the assertion of personal jurisdiction is appropriate because LPDJ, the Utah entity that subcontracted engineering work to the Contracting Engineers, is an indistinguishable part of a joint dome-building venture that is based in Texas.[14]

Even assuming that contracting with one member of a joint venture establishes privity of contract with other members of that joint venture—a necessary premise which Northview skips over, and which this Court does not address—the Contracting Engineers' contracts with LPDJ are insufficient, in and of themselves, to establish minimum contacts with Texas.

---

[8] Because the Court finds that the Contracting Engineers did not have minimum contacts with Texas, the Court does not reach Northview's alter ego argument that the Engineers are "a group of indistinguishable entities and persons headed by Jason South."  Northview's Response at 4.

[9] Northview's Response at 9.

[10] Motion to Dismiss, App. at 7, 13, 25, 29, 33.

[11] *See id.* at 7, 14, 34.

[12] *See id.*

[13] *See id.* at 7, 13-14, 25, 29, 33-34.

[14] *See* Northview's Response at 6-8.  Northview also alleges that the Engineers were hired because Jason South is related to Texas defendant David South, the "godfather of the South family Monolithic dome business."  *Id.* at 8. This argument is not legally supported, and is in any case irrelevant to the question of whether this Court may exercise personal jurisdiction over the Engineers.  Northview does not allege that any of the Engineers are a corporate alter ego for any of the Texas third-party defendants.

It is well established that "merely contracting with a resident of the forum state does not establish minimum contacts."[15]  In fact, the Fifth Circuit has consistently held that the combination of mailing payments to the forum state and engaging in communications surrounding the execution and performance of a contract, in addition to contracting with a resident of a forum state, may still be insufficient to establish minimum contacts.[16]  In *Freudensprung v. Offshore Technical Services, Inc.*, the Fifth Circuit found the significance of such factors to be "severely diminished" where the contract at issue specified that it was to be governed by the laws of England, and where the material portions of the contract, which contemplated that a Texas company would supply personnel to a Panamanian company for its projects in West Africa, were to be performed in West Africa, not in Texas.[17]

The material portions of the contracts between LPDJ and the Contracting Engineers contemplated that the Contracting Engineers would provide electrical calculations and electrical designs for the Northview dome in Alabama.[18]  The work was performed entirely in Idaho.[19] The contracts do not contain a forum selection clause designating Texas as the proper forum, nor do they contemplate any interaction between the Contracting Engineers and any Texas entities. Under these circumstances, the Engineers would not have reasonably anticipated being haled into a Texas court in connection with their work on the Northview project.

Because Northview has failed to demonstrate that this Court may exercise personal jurisdiction over the Engineers, its claims against the Engineers are subject to dismissal.

---

[15] *Moncrief*, 481 F.3d at 311 (citations omitted); *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (citations omitted).

[16] *See, e.g., Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1193 (5th Cir. 1985)); *Holt*, 801 F.2d at 777-78.

[17] 379 F.3d 327, 345 (5th Cir. 2004); *see also Sydow v. Acheson & Co.*, 81 F. Supp. 2d 758, 764-65 (S.D. Tex. 2000) (citing multiple Fifth Circuit cases for the proposition that the place of performance of the contract is the touchstone inquiry).

[18] *See* Motion, App. at 17-22 (LPDJ contract with Mechanical Systems Solutions); 37-42 (LPDJ contract with Engineering Structural Solutions).

[19] *See id.* at 13, 34.

However, Northview alternatively requests a hearing and/or permission to conduct discovery to establish jurisdictional facts.  These requests are DENIED.  Jurisdictional discovery is within the discretion of a trial court.[20]  The party seeking discovery bears the burden of showing its necessity.[21]  Here, the requested discovery is not likely to produce the facts needed to withstand the Engineers' Motion to Dismiss.[22]  Northview does not describe the specific discovery it requests, what facts it hopes to obtain from such discovery, or how it would produce information that would support personal jurisdiction over the Engineers.[23]  "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."[24]

Northview also alternatively moves the Court to exercise its power under 28 U.S.C. § 1404(a) to transfer its claims against the Engineers to the United States District Court for Idaho.[25]  The Engineers, all residents of Idaho, do not oppose this request.  In the interest of justice, the Court therefore SEVERS Northview's claims against the Engineers in this action, and TRANSFERS them to the United States District Court for Idaho.

---

[20] *See Walk Haydel & Assocs. v. Coastal Power Prod.*, 517 F.3d 235, 241 (5th Cir. 2008).

[21] *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (citation omitted).

[22] *Cf. id.* at 342 (holding, in the context of a Rule 12(b)(1) motion to dismiss, that a party is not entitled to jurisdictional discovery if the record shows that it is unlikely to produce the facts needed to withstand the motion).

[23] *Cf. Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000).

[24] *Id.* (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)).

[25] *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought.").

CONCLUSION

For the reasons stated above, the Engineers' Motion to Dismiss is **DENIED**.

Intervenor's claims against the Engineers are **SEVERED**. The Court **ORDERS** the Clerk of the

Court to assign the severed action a separate cause number and to **TRANSFER** the new case to

the United States District Court for Idaho. The remainder of the Engineers' Motions are

DENIED as moot.


**SO ORDERED.**

July 13, 2010.


**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**