UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORTHVIEW CHRISTIAN CHURCH, INC., | § | |
| | § | |
| Consolidated Plaintiff/Intervenor, Cross-Plaintiff, | § § § | |
| | § | |
| MEHLER TEXNOLOGIES, INC., | § | |
| | § | |
| Plaintiff, Cross-Defendant, Counter-Defendant, | § § | |
| | § | |
| v. | § | No. 3:09-cv-00655-M |
| | § | |
| MONOLITHIC CONSTRUCTORS, INC., d/b/a MONOLITHIC DOME INSTITUTE; MONOLITHIC HOLDINGS, INC.; and MONOLITHIC, INC., | § § § § | |
| | § | |
| Defendants, Counter-Plaintiffs, Consolidated Defendants, | § § | |
| | § | |
| SOUTH INDUSTRIES, INC. d/b/a SOUTH INDUSTRIES USA, INC.; SOUTH INDUSTRIES INTERNATIONAL, INC.; DAVID B. SOUTH; RANDY SOUTH; ANDREW SOUTH; JOSHUA SOUTH; and DEREK SOUTH, | § § § § § § | |
| | § | |
| Consolidated Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are the Motion for Order Determining Applicable State Law filed by Northview Christian Church, Inc. ("Northview") [Docket Entry #168] and the Motion for Leave to Designate Responsible Third Parties filed by Defendants South Industries, Inc. d/b/a South Industries USA, Inc., South Industries International, Inc., Randy South, Andrew South, Joshua South, and Derek South (collectively, "South Industries Defendants") [Docket Entry #141]. For

the reasons explained below, Northview's Motion is **GRANTED** and the South Industries Defendants' Motion is **DENIED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff/Intervenor Northview is an Alabama church that engaged a consortium of parties to design and construct two dome-shaped church buildings in Dothan, Alabama. Northview alleges that the completed domes have significant problems attributable to their construction and has brought suit against numerous parties for negligence, fraud, unjust enrichment, and breach of contract and warranties.

On February 17, 2011, the South Industries Defendants filed their Motion for Leave to Designate Responsible Third Parties, under Texas law. They seek to designate as responsible third parties LPDJ Architects, L.L.C., Mechanical System Solutions Group, P.L.L.C., J&J Group, Inc., MS2EE, P.L.L.C., E & D Company, P.L.L.C., and Engineering Structural Detailing, L.L.C (collectively, "the Architects and Engineers"). This Court previously severed Northview's claims against the Architects and Engineers and transferred them to different venues. [Docket Entry #118; Docket Entry #120]. The South Industries Defendants seek to designate a new party, Saliba Construction Company ("Saliba"), as a responsible third party. On March 3, 2011, Northview filed its response to the Motion for Leave to Designate Responsible Third Parties, asserting that Alabama law applies to this case and that, under Alabama law, Defendants cannot designate responsible third parties. On June 29, 2011, while the South Industries Defendants' Motion was still pending, Northview filed its Motion for Order Determining Applicable State Law. No Defendant responded to Northview's Motion.

## II.     LEGAL STANDARD

A federal court sitting in diversity applies the forum state's choice of law rules to determine the controlling substantive law. *Lockwood Corp. v. Black*, 669 F.2d 324, 327 (5th Cir. 1982). Texas applies the "most significant relationship" test, as set forth in the Restatement (Second) of Conflict of Laws §§ 6 and 145, to decide choice of law issues, in cases such as this one. *Hughes Wood Prods., Inc. v. Wagner,* 18 S.W.3d 202, 205 (Tex. 2000); *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984). In applying the test, the Court considers (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered. *Duncan*, 665 S.W.2d at 421; *Gutierrez v. Collins*, 583 S.W.2d 312, 319 (Tex. 1979); Restatement (Second) of Conflict of Laws § 145 (1971). These factors are evaluated qualitatively, as some are more important than others, depending on the state policies implicated by the claim. *Duncan*, 665 S.W.2d at 421. In addition, policy considerations which guide the conflicts determination are:

- (a) the needs of the interstate (and, where applicable, international) systems;
- (b) the relevant policies of the forum;
- (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;
- (d) the protection of justified expectations;
- (e) the basic policies underlying the particular field of law;
- (f) certainty, predictability, and uniformity of result; and
- (g) ease in the determination and application of the law to be applied.

*Duncan*, 665 S.W.2d at 421; Restatement (Second) of Conflict of Laws § 6 (1971). Applying these general policy principles to the "significant relationship" test produces reasoned choice of law decisions. *Id.*

III.     ANALYSIS

A. Determination of Applicable State Law

In applying the four elements of the "most significant relationship" test to this case, the Court relies on the allegations in Northview's Complaint.[1] The first and second factors, relating to where the injury occurred and where the conduct causing the injury occurred, weigh in favor of applying Alabama law. Northview alleges that the dome structures, located in Alabama, suffer from structural problems and that the dome builders, including South Industries, spent approximately six months constructing the domes in Alabama. (Compl. ¶¶ 1–5; 58–60.) Although Monolithic assembled, in Texas, a custom airform which South Industries then used to construct the domes, most of the construction work on the domes took place in Alabama. (Compl. ¶¶ 57–59.) The third factor, relating to the domicile or residence of the parties, does not weigh in favor of Texas or Alabama law. Northview is domiciled in Alabama, the South Industries Defendants are domiciled in Idaho, Mehler is domiciled in Virginia, and although Defendants Monolithic and David B. South are domiciled in Texas, they plead that Alabama law applies. (Compl. ¶¶ 10–20; Answer of Monolithic and David B. South at 40, 42.) Finally, the fourth factor, relating to where the parties' relationship is centered, weighs in favor of Alabama law, if anywhere. The domes were constructed in Alabama, and most of the preconstruction and all of the construction activities occurred there. No other place could be considered the center of the parties' relationship.

With respect to the general policy considerations, the Court concludes that they do not alter the result reached by application of the most significant relationship test. Although the forum state has an interest in applying its laws to entities incorporated in that state and giving

---

[1] *McCall v. Southwest Airlines Co.*, 3:08-cv-2000-M, 2010 WL 145288, at *8–9 (N.D. Tex. Jan. 12, 2010) (applying most significant relationship test).

those entities the protection of the forum's laws, the only Texas parties remaining in this lawsuit are Monolithic and David B. South, both of whom allege the applicability of Alabama law and thus do not seek the benefits of Texas law. Alabama has a strong interest in protecting the rights of its citizens who are injured, and the Court can best protect the expectations of the parties by applying the law of the state where they directed their preparations and efforts, and where most of them took steps to build the domes which are the subject of this suit.

In short, application of the most significant relationship test and policy considerations leads to the conclusion that Alabama law applies to this case.

B.   South Industries Defendants' Motion for Leave to Designate Responsible Third Parties

Alabama law does not allow for the relief requested by the South Industries Defendants. Alabama law applies the principle of joint and several liability and does not have a comparative responsibility statute such as is found in Texas. Under Alabama law, joint tortfeasors are not entitled to contribution or indemnity.[2] *See Holcim (US), Inc. v. Ohio Cas. Ins. Co.*, 38 So. 3d 722, 727 (Ala. 2009). Therefore, the South Industries Defendants may not designate the Architects and Engineers nor Saliba as responsible third parties.

---

[2] Alabama law only allows indemnity when one joint tortfeasor agrees in writing to indemnify the other tortfeasor. If such an agreement is valid, it can be upheld and enforced. *See Humana Med. Corp. v. Bagby Elevator Co., Inc.*, 653 So. 2d 972, 974 (Ala. 1995). Here, no party has asserted an agreement to indemtify.

IV. CONCLUSION

The Court finds that Alabama law applies in this case and that under Alabama law, Defendants may not designate responsible third parties. Therefore, Northview's Motion is **GRANTED** and the South Industries Defendants' Motion is **DENIED.**

**SO ORDERED**.

September 28, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**